UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cr-311-MOC

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) |  |
|  | ) | ORDER |
|  | ) |  |
| ROGER ROGER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's Motion for Acquittal or a New Trial. (Doc. No. 576). The Government has filed a response in opposition. (Doc. No. 578). For the following reasons, the Court will deny the motion.

I. **Procedural History**

On September 19, 2018, Defendant was indicted on twenty counts, including conspiracy to commit wire fraud, conspiracy to commit mail fraud, wire fraud, conspiracy to commit money laundering, and international money laundering. (Doc. No. 3). Defendant's trial began on September 16, 2024. On September 19, 2024, this Court granted the Government's Motion to Dismiss Counts 2, 4, 5, 9, 10, 12, 14, 15, 17, 18, 19, and 20. On September 20, 2024, the jury found Defendant Roger guilty on all eight remaining counts, including one count of conspiracy to commit wire and mail fraud, four counts of wire fraud, one count of conspiracy to commit money laundering, and two counts of international money laundering. (Doc. No. 569).

On October 4, 2024, Defendant filed a Motion for Acquittal or a New Trial. (Doc. No. 576). On October 11, 2024, the Government filed a response in opposition. (Doc. No. 578).

II. **Legal Standard**

1

### A. Rule 29 Acquittal

Rule 29 directs a court, upon a defendant's motion after the close of evidence and before submission to the jury, to enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. FED. R. CRIM. P. 29(a). A defendant may renew such a motion within 14 days after a guilty verdict. FED. R. CRIM. P. 29(c)(1). In ruling on a Rule 29 motion for acquittal, the Court must view the evidence in the light most favorable to the government and inquire whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "The Court may not weigh the evidence or review the credibility of witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). "Reversal for insufficient evidence is reserved for the rare case 'where the prosecution's failure is clear.'" United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)).

### B. Rule 33 New Trial

Under Rule 33 of the Federal Rules of Criminal Procedure, the Court may vacate any judgment and grant a new trial if the interest of justice so requires. FED R. CRIM. P. 33. Unlike a Rule 29 motion for judgment of acquittal, a Rule 33 motion does not require the Court to view the evidence in the light most favorable to the government, and the court "may evaluate the credibility of the witnesses." See United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985). However, in considering whether to grant a new trial, the Court "should only overturn a jury verdict in the rare circumstance when the verdict is against the great weight of the evidence." United States v. Garcia, 855 F.3d 615, 620 (4th Cir. 2017) (internal citation omitted).

### III. Discussion

#### A. Motion for Acquittal under Rule 29

2

The Court agrees with the government that, when reviewing the evidence in the light most favorable to the government, sufficient evidence was presented for a reasonable jury to find Defendant guilty on each count. Therefore, this Court will deny Defendant's Motion for Acquittal.

On Count One, Defendant claims that the government failed to establish a single conspiracy and to connect Defendant to that conspiracy. However, testimony from co-conspirator witnesses and victims, as well as Facebook messages, suggested a consistent methodology in carrying out a fraud scheme, and that Defendant was integral to that scheme. A reasonable jury could find beyond a reasonable doubt that Defendant knowingly and willfully took part in a single conspiracy to commit mail and wire fraud.

On Counts Three, Six, and Eight, Defendant alleges that the government did not provide sufficient evidence to connect Defendant to any specific victim, so he could not be convicted of wire fraud. However, as the government points out, Defendant could also be guilty of wire fraud if he <u>caused</u> an impermissible wire to be sent, and if he participated in a scheme to defraud, with intent to defraud, in which the relevant wires were reasonably foreseeable in the execution of the scheme. Sufficient evidence was presented for a reasonable jury to find that Defendant knowingly participated in a scheme to defraud victims and transfer money by interstate and foreign wires, and thus to sustain a conviction on Counts Three, Six, Seven, and Eight.

On Count Eleven, Defendant argues that there was no evidence that he knowingly became part of a conspiracy to commit money laundering or that he contributed to a conspiracy. However, witness testimony described Defendant working with co-conspirators as part of a conspiracy, and Facebook records contain evidence that, if credited by the jury, supports

3

Defendant's participation in a money laundering conspiracy. Therefore, there was sufficient evidence for a reasonable jury to convict Defendant on this count.

Finally, on Counts Thirteen and Sixteen, Defendant claims there was not sufficient evidence to prove the requisite intent to promote the carrying on of unlawful activity to find him guilty of international money laundering since there was no proof he used laundered funds to carry on illegal activity. However, there was testimony that the funds Defendant obtained from victims were used to promote and carry on the fraud scheme. When viewed in the light most favorable to the government, the evidence presented was sufficient to support the jury's guilty verdict on Counts Thirteen and Sixteen.

### B. Motion for New Trial Under Rule 33

The Court will also deny Defendant's alternative motion for a new trial. Ample evidence was presented at trial, including the testimony of victims, witnesses, and government agents, and extensive Facebook messages. Defendant's belief that the witnesses presented were "non-credible" and that the Facebook messages were from a fake account will not be credited in place of the judgment of the jury. The interest of justice does not require a new trial.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Acquittal or a New Trial, (Doc. No. 576), is **DENIED.**

Signed: November 22, 2024

Max O. Cogburn Jr.
United States District Judge